**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-50007 |
| Plaintiff-Appellee, | D.C. No. 8:21-cr-00155-JVS-1 |
| v. | |
| DYLAN MACGREGOR COWAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted May 17, 2024[**]
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and HINDERAKER,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John Charles Hinderaker, United States District Judge for the District of Arizona, sitting by designation.

Dylan MacGregor Cowan appeals the district court's imposition of an 120-month sentence in connection with his plea of guilty to a single-count indictment charging him with possession with intent to sell fentanyl in the Santa Ana Jail. Cowan argues on appeal that the district court improperly applied the career-offender enhancement under § 4B1.2(b) of the United States Sentencing Guidelines because California's controlled-substance statute under which his predicate offense was charged, for possession of methamphetamine, is overbroad as to the federal Controlled Substances Act (CSA). We review de novo whether a prior conviction is a "controlled substance offense" under the Guidelines. *United States v. Leal-Vega*, 680 F.3d 1160, 1163 (9th Cir. 2012). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

Cowan argues on appeal that *United States v. Rodriguez-Gamboa* is not binding because Cowan's text-based overbreadth argument was not before us in *Rodriguez-Gamboa*. 972 F.3d 1148 (9th Cir. 2020). *Rodriguez-Gamboa* said: "Because we hold, as a matter of law, that California's definition of methamphetamine is a categorical match to the definition under the federal CSA, district courts confronting the issue in the future need not repeat what occurred in this case." *Id.* at 1154 n.5. There, the California law prohibiting the "sale of both the geometric and optical isomers of methamphetamine" was a categorical match

2

to the federal law even though the federal law "outlaw[ed] possession only of methamphetamine's optical isomers." *Id.* at 1149–50. This was so because, chemically, there was no such thing as a geometric isomer of methamphetamine. *Id.* at 1150. Therefore, there was no reasonable possibility that California would prosecute anyone for possession of a geometric isomer. *Id.* at 1154.

We decline to read *Rodriguez-Gamboa* as holding only that California's CSA statute is a categorical match because of the chemical structure of methamphetamine, but as leaving open the possibility that it is not a categorical match due to other arguments.[1] *Rodriguez-Gamboa* stated unequivocally that "as a matter of law" the statutes were a categorical match and did not limit its holding to its facts. *Id.* at 1154 n.5. It accordingly binds Cowan despite his text-based arguments that California's statute is overbroad as to the federal CSA.

Although we articulated an exception to this holding for a defendant who "point[s] to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues," *id.* (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)), Cowan has not done so on appeal; he only argues that these analogues exist. Therefore, the district court did

---

[1] This is dispositive, so we decline to reach Cowan's other arguments on appeal.

not err in using Cowan's prior methamphetamine offenses under California law to apply the career-offender enhancement, so Cowan's sentence is

**AFFIRMED.**